Martín Almodóvar, Plaintiff and Appellee, v. Enrique Acosta Calderón, Defendant and Appellant.

No. 5152. Argued February 13, 1931.—Decided March 11, 1932.

*Juan Valldejuli* for appellant. *Luis Tirado Géigel* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The complaint in this case set out in substance that the defendant on the 31st of March, 1927, was the owner of a jitney called "University Bus"; that on the said 31st of March, at 7:15 A. M., on Ponce de León Avenue in front of the José Julián Acosta School, the said jitney University Bus, driven by Antonio Moreno Torres, chauffeur of the defendant, going from San Juan to Santurce, violently struck the rear part of the jitney P–1890 and hit with its bumper the left leg of Mrs. Providencia Acevedo, wife of the plaintiff, who at the time was getting off the jitney P–1890. The complaint also set up that the jitney P–1890 had been at rest for several minutes at the right side of the street in front of the José Julián Acosta School. The complaint also contained certain averments of negligence.

Where a jitney is at rest on the highway and another vehicle hits it with some force, this makes out a prima facie case of negligence. The burden is thrown upon the defendant to exculpate himself from the charge of negligence. So that the judgment would have to be affirmed unless the defendant shows that the court committed some error.

The first assignment of error is that the court in its opinion put in alternative form the following finding:

" . . . the jitney called 'University Bus' . . . in turning the curve to take the road leading to Santurce, . . . did so in such a manner that, either because it slipped on the road or because it made too wide a turn, the fact was that it struck the rear part of 'La Deliciosa' jitney . . . "

Given the fact that the jitney University Bus struck the stationary jitney, the alternative form is entirely immaterial. It would be mere surplusage for the court to attempt to explain exactly what course the jitney pursued.

Likewise, we incline to the opinion that the trier of facts, similarly to the jury, may reach a conclusion by an alternative form of finding. The negligence might even have occurred in some other way. The principal fact remains that there was a prima facie case of negligence when one jitney hit the other.

The second assignment of error is one to which the parties have dedicated the greatest amount of time, namely, that the court relied upon the doctrine of *res ipsa loquitur*, when in point of fact specific acts of negligence were charged, but as we hold that a prima facie case was made out we find it unnecessary to consider the question.

The third assignment of error attacked the sufficiency of the complaint, inasmuch, for one thing, as the complaint failed to set out that the nominal plaintiff was the husband of the injured person at the time of the accident. The complaint recited in its first averment that the plaintiff was married to the injured woman. Nevertheless, further along in the complaint, when the happening of the accident is described, the injured party is mentioned as the wife of the plaintiff. Perhaps these averments are ambiguous and would not exclude the idea that the plaintiff married the injured woman after the accident. However, as the words are merely ambiguous, they should have been reached by a special demurrer and can not be reached by general demurrer, especially on appeal. Furthermore, the evidence showed that the plaintiff was married to the injured at the time of the accident, and the complaint could be considered as amended to show this fact.

There is no question that the jitney University Bus was under the control of the defendant when the accident happened. There is a strong presumption that this jitney was

being guided by one of the employees of the defendant. *Ramos de Anaya* v. *López*, 36 P.R.R. 451; *Sánchez* v. *Asiatic Petroleum Co.*, 40 P.R.R. 98. These considerations dispose of the fourth assignment of error.

We find no contributory negligence in the injured woman or any other agent of the plaintiff. Frequently, where a vehicle is about to stop or start and a person gets out backwards (more or less the theory in this case) courts in the United States have permitted the question of contributory negligence to go to the jury. Assuming the evidence of the defendant to be true, the injured woman stepped off backwards while the vehicle from which she was descending was entirely at rest. So that the manner in which she descended was in no way negligence. The proximate cause of the injury was that she was struck by another vehicle and not the manner of her descent. In no sense is a person bound, under those circumstances, to foresee that another vehicle might strike him. Moreover, there was evidence tending to show that the injured woman got out sidewise.

In a supplemental brief the defendant discussses the question of negligence and attempts to show more particularly that the driver of the jitney was in point of fact not negligent. The appellant maintains that it was a rainy, slippery day, that another jitney coming along the highway caused the movement that gave rise to the accident; that jitney P-1890 was located at a spot where it had no right to be, by the connivance of a policeman who was the brother-in-law of the injured woman, and more to the same effect. The court evidently did not believe this evidence of lack of negligence, and we find no reason for going against the finding of the court. We are not at all convinced that the chauffeur of the defendant was acting with due care.

With regard to the foregoing facts, there was no assignment of error, and hence, this Court is entitled to take no notice of this alleged lack of negligence.

The sixth assignment of error relates to the amount of the damages awarded, namely, $3,500. Perhaps this amount was high, considering the nature of the injuries, but the supposed excess would not be sufficiently great for us to intervene in the discretion of the court below.

The judgment appealed from will be affirmed.